Edward Greenberg, Esq. (ECG 5553)
Tamara L. Lannin, Esq. (TL 3784)
EDWARD C. GREENBERG, LLC
570 Lexington Ave., 19th Floor
New York, NY 10022
(212) 697-8777

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

WILLIAM WESTWOOD, and
WESTWOOD MEDICAL COMMUNICATIONS

              Plaintiffs,

- against -

DR. VICTOR LORIA and
LORIA MEDICAL, PLLC

              Defendants.

-----------------------------------------------------------------x

_____ CIV _____

**COMPLAINT**

ECF CASE

Plaintiffs, WILLIAM WESTWOOD and WESTWOOD MEDICAL COMMUNICATIONS, by their attorneys, EDWARD C. GREENBERG, LLC, alleges as follows:

## PARTIES

1. At all times hereinafter mentioned, WILLIAM WESTWOOD (hereinafter referred to as "Plaintiffs" or "WESTWOOD") is an individual and has been actively engaged in the business of medical illustration for over twenty-five years, doing business in the form and style of William Westwood Communications, an unincorporated business entity. Plaintiffs are residents and maintain their principal place of business in Albany County, State of New York.

2. Plaintiff WILLIAM WESTWOOD was, and still is, a noted and respected medical

1

illustrator and member of the Association of Medical Illustrators. Plaintiff has been featured on multiple AMI publications, has received multiple awards from that association, including their Lifetime Achievement Award, and was employed by *inter alia* the Mayo Clinic.

3. That WILLIAM WESTWOOD is a board certified medical illustrator. Plaintiff earns his livelihood from the creation and licensing of his images for compensation received from permitted third-party licensees including numerous attorneys, and legal organizations. WESTWOOD's extensive CV is annexed hereto as **"Exhibit A"**.

4. Defendant DR. VICTOR LORIA (hereinafter "Defendant", "LORIA" or "DR. LORIA") is an individual who, upon information and belief, does business as LORIA MEDICAL, P.L.L.C.

5. LORIA MEDICAL, P.L.L.C. is a foreign business corporation, duly organized and existing under the laws of the State of Florida and is authorized to do business in Florida and New York, with its principal places of business located in the Eastern District of New York, at 520 Franklin Ave STE L-6, Garden City, New York, 11530 and in the Southern District of Florida, at 3625 NW 82ND AVE, STE 402, MIAMI, FLORIDA, 33166.

6. That DR. VICTOR LORIA holds himself out and represents to the general public via advertising and otherwise, as "an experienced osteopathic physician and highly regarded cosmetic surgeon with true artistic talent."

7. Defendant LORIA further represents, via consumer advertising that he "is a pioneer in the field of penis and scrotal enlargement" and "is involved in penile lengthening." Additionally, Defendant LORIA holds himself out and represents that he is a member of the "National Board of Osteopathic Examiners"

## JURISDICTION AND VENUE

8. This is a civil action for copyright infringement.

9. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1338.

10. Venue in the Eastern District of New York is proper, pursuant to 28 U.S.C. 1400.

## FACTS COMMON TO ALL CLAIMS

11. That Plaintiff WESTWOOD is a medical illustrator with many years of experience and a considerable reputation.

## THE IMAGES

12. That Plaintiffs, around the year 1999, drew a collection of images for medical publications, which included an image of "The Physiology of Erection". (hereinafter, the "Subject Image" or the "Image", a copy of which is annexed hereto as **Exhibit "B"**).

13. That on or about January 1, 2000, and pursuant to a license issued by the Plaintiffs, the Image was published in an article in American Family Physician titled "Diagnostic Evaluation of Erectile Dysfunction" (a copy of which is annexed hereto as **Exhibit "C"**). This article contained two of Plaintiffs' artistic renderings, each containing clearly visible copyright information, reading "© 2000 William Westwood".

14. That Plaintiff WESTWOOD is the sole creator of and holds the copyright in the Subject Image, and duly registered same with the United States Copyright Office on July 3, 2001, with registration number VA 1-106-373 (copies of said registration are annexed hereto as **Exhibit "D"**).

15. That Plaintiffs' Subject Image of "The Physiology of Erection" was/is valuable in the marketplace.

16. That Plaintiffs' Subject Image of "The Physiology of Erection" was/is particularly valuable to Defendants due to the subject matter pertaining directly to Defendants' medical practice, business, and advertised specialties.

17. The offending Image is of particular economic value to the Defendants, as it portrays an area that Defendants claim to have surgical expertise.

18. That Plaintiffs' Subject Image of The Physiology of Erection was/is of substantial valuable due to the expertise required to create medical illustrations of a sufficient fidelity for publication in medical journals, including medical knowledge and artistic skill.

19. That upon information and belief, one or both of the Defendants are repeat and/or what is often termed "serial" copyright infringers. That Plaintiffs and their counsel in conducting their due diligence have discovered that or one or both Defendants have infringed upon the original works of not less than three other professional medical illustrators, who each perform services similar to that of Plaintiffs. That three creators, exclusive of plaintiffs, have examined Defendants' website and have identified their original works as being employed by one or both Defendants without their consent, knowledge, or license.

20. That Defendants' counsel has been so advised in writing, with specificity, of the aforementioned, prior to the filing of this complaint.

21. That upon information and belief, defendants routinely appropriate the copyrighted works of others and that such appropriated illustrations are employed with the full knowledge of Dr. Loria and Loria Medical PLLC.

22. That upon information and belief Dr. Loria selects and decides which images are employed to promote his medical practice and do so without regard to how the images are procured and/or whether a valid license permitting the use of such image(s) has been sought or

4

obtained.

## THE UNAUTHORIZED USES OF PLAINTIFFS' IMAGE BY DEFENDANT

23. Defendants have employed the Subject Image without Plaintiffs' license, authorization or consent, the full nature of which is unknown to the Plaintiffs without discovery.

24. Notwithstanding the foregoing, Defendants have prominently employed Plaintiffs' Image of The Physiology of Erection in one location, accessible via multiple different links, on Defendant's website, https://www.loriamedical.com (copies of such unauthorized uses of Plaintiffs' Subject Image that are known to Plaintiffs at this time are annexed hereto as **Exhibit "E"**).

25. Upon information and belief, one or more of Defendants' abovementioned unlicensed uses has been altered so as to remove Plaintiffs' copyright information.

26. The above described uses of Plaintiffs' Subject Image by Defendant serve to promote Defendants' websites and services that upon information and belief, the offending Image serves Defendants' economic interests.

27. Upon information and belief, Defendants purposely selected Plaintiffs' Subject Image to include on their website without seeking a license from Plaintiffs for such use. That by so doing, Defendants avoided paying Plaintiffs for a license.

28. Upon information and belief, Defendants knew and had actual knowledge that they lacked Plaintiffs' license, authorization and consent to use the Subject Image as complained of herein.

29. Plaintiffs never granted Defendants any license, authorization or consent to use the Subject Image as complained of herein. At no time did the Defendants, nor any agent on the

Defendants' behalf, seek to obtain a license from Plaintiffs for use of the Subject Image for any purpose.

30. Defendants have employed the Subject Image for their own commercial benefit with knowledge that they had not secured a license to do so.

31. Defendant never sought, nor obtained, a license, authorization or consent from Plaintiffs to use the Subject Image in the manners complained of herein.

32. Defendants used the Subject Image for each of their own economic advantage and to the detriment of Plaintiffs.

33. Pursuant to *inter alia* Federal Rule 11, Plaintiffs and Plaintiffs' counsel sought to obviate judicial intervention, the filing of suit and have made reasonable efforts to mitigate damages and attorney's fees, which may be recoverable pursuant to USC Title 17 505.

34. On January 12, 2018, Plaintiffs, by counsel, issued and delivered correspondence to Defendants, advising them, *inter alia*, to remove the Subject Image from their websites, and from any and all other uses of the Image; that Defendants were in violation of Plaintiffs' copyright; and that Defendants had no right to use the Subject Image on their websites as complained of herein (hereinafter the "Notice Letter", a copy of which is annexed hereto as **Exhibit "F"**, sans its exhibits, which are elsewhere annexed to this Complaint).

35. That the Notice Letter requested, *inter alia*, a disclosure of the full nature and extent of Defendants' uses of the Subject Image so that Plaintiffs could in good faith formulate a reasonable fee to compensate them for the unauthorized use and, if possible, obviate the filing of suit.

36. That on January 25, 2018, Plaintiffs' counsel observed that the infringing uses of Plaintiffs' Image remained in use (a copy of which is annexed hereto as **Exhibit "G"**).

37. That on January 25, 2018, Plaintiffs' counsel sent a second letter to Defendants

informing them that their infringing uses of Plaintiffs' Image were still ongoing.

38. That a letter dated January 29, 2018, issued by the Defendants was received by Plaintiffs' attorney via USPS regular mail.

39. Notwithstanding the aforementioned correspondence, the infringing images remained in use on Defendants' website until at least January 29, 2018. However, an exact date of removal cannot be determined without discovery.

40. That on January 25, 2018, Plaintiffs' counsel sent a third letter to Defendants in an effort to obviate the filing of litigation.

41. Attempts at non-judicial obviation of suit were made by Plaintiffs' counsel and were not successful.

42. Defendants have failed to provide compensation to WESTWOOD for their uses of the Subject Image without a license, authorization or consent, in violation of the exclusive rights granted to WESTWOOD as the copyright holder.

43. As of the date of this Complaint, the parties have been unable to resolve the matter.

44. Plaintiffs actively pursue and defend infringements of their intellectual property in various districts in the Federal Courts, and otherwise. Plaintiffs are committed to protecting their copyright in the Subject Image.

45. That the full nature and extent of all infringing uses of Plaintiffs' Subject Image by the Defendants are unknown to Plaintiffs as of this writing, said information being within the sole knowledge, custody, and control of Defendants. That such details and information are expected to be ascertained through discovery in this action.

46. That the Defendants have no defenses at law to the claims set forth herein.

47. Paragraphs "1" through "46" are incorporated by reference with respect to each of the

below claims for relief.

### FIRST CLAIM FOR RELIEF
Negligent Copyright Infringement
Under Section 501-504 of the Copyright Act

48. That the use of Plaintiffs' Image by the Defendant, in connection with https://www.loriamedical.com, were and are without Plaintiffs' authorization, license or consent.

49. That, upon information and belief, the Defendants have infringed the copyright in Plaintiffs' Subject Image.

50. That *each* use of Plaintiffs' image constitutes a separate and distinct infringement of Plaintiffs' copyright.

51. That, upon information and belief, the aforementioned acts of Defendants constitute federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the rights granted to WESTWOOD as copyright holder.

52. That, upon information and belief, Defendants had actual and/or constructive knowledge and/or through the exercise of ordinary business care and/or the examination of public records, knew or should have known that Plaintiffs held the copyright in the Subject Image, that Defendants never had a license, consent, or authorization by Plaintiffs for the use of Plaintiffs' Image on its website by Defendants, and that any such use would be in violation of Plaintiffs' copyright.

53. That as a result of Defendants' acts, Plaintiffs have been and will continue to be damaged in an amount as yet to be determined.

54. That as a result of Defendants' copyright infringement of Plaintiffs' Subject Image, Plaintiffs are entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et., seq., and as an alternative to statutory damages, Plaintiffs, at

their election prior to judgment is entitled to recover their actual damages and any additional profits of the Defendants, attributable to the infringement as under 17 U.S.C. Sections 504 (a)-(b).

55. That, upon information and belief, Defendants' uses of the Subject Image in violation of Plaintiffs' copyright were negligent in that Defendants knew or should have known that they were without a license for the uses complained of herein.

### SECOND CLAIM FOR RELIEF
Willful Copyright Infringement
Under Section 501-504 of the Copyright Act

56. Plaintiffs repeat and reallege each and every statement set forth in Paragraphs "48" through "54".

57. Furthermore, upon information and belief, Defendants' uses of the Subject Image were willful, intentional, malicious, and in bad faith.

### THIRD CLAIM FOR RELIEF
Removal or Alteration of Copyright Management Information
Under Section 1202 of the Copyright Act

58. Upon information and belief, Defendants intentionally and willfully removed or altered the Plaintiffs' copyright management information/data for the Subject Image, without the authority of Plaintiffs.

59. That the Subject Image contained copyright management information within the digital file of the image, including, *inter alia*, the identification of the author as "WILLIAM WESTWOOD", and a copyright notice stating "© 2000 WILLIAM WESTWOOD".

60. Upon information and belief, Defendants removed and/or altered this copyright management data from the Subject Image.

61. That such actions further demonstrate Defendants' willful infringement of the Subject Image.

62. That the aforesaid actions constitute a violation of Section 1202(b) of the Copyright Act.

63. Upon information and belief, Defendants knew and/or had reasonable grounds to know that by concealing the Plaintiffs' copyright management data, that it would induce, enable, facilitate, or conceal Defendants' infringement of Plaintiffs' Image.

64. Upon information and belief, that Defendants intentionally and/or knowingly concealed the Plaintiffs' copyright management data as aforesaid, in order to conceal that its use of the Image was without the authorization of Plaintiffs and in violation of law.

65. As a result of Defendants' actions with regard to the Plaintiffs' copyright management data, Plaintiffs have been and will continue to be damaged in an amount as yet to be determined.

66. As a result of Defendants' actions with regard to the Plaintiffs' copyright management data, Plaintiffs are entitled to damages in the form of actual or statutory damages pursuant to 17 U.S.C. 1203(b)(3) and 1203(c), costs pursuant to 17 U.S.C. 1203(b)(4), reasonable attorney's fees pursuant to 17 U.S.C. 1203(b)(5), a temporary and permanent injunction pursuant to 17 U.S.C. 1203(b)(1), and or the impounding, modification or destruction of any items involved in the violation pursuant to 17 U.S.C. 1203(b)(2) and 1203(b)(6). As stated on Defendants' counsel's website, "[if] the infringement is deemed willful[,] statutory damages may be assessed as high as $150,000 per infringement."

67. Plaintiffs, in addition to remedies based in the sited sections of U.S.C. Title 17, are further entitled to award(s) of monetary damages as set forth in sections 17 U.S.C. § 1201 through at least 1204 inclusive, in amounts specifically set forth in said sections.

68. That Plaintiffs are entitled to a separate award of damages for each of Defendants' violation of 17 U.S.C. 501-505 (Plaintiff's First Claim for Relief), 17 U.S.C. 501-505 (Plaintiffs' Second Claim for Relief), and for Defendants' violation of 17 U.S.C. 1202-1203 (Plaintiffs' Third Claim for Relief).

## JURY DEMAND

69. That Plaintiffs request a trial by jury of all issues.

**WHEREFORE**, Plaintiff demands judgment as against the Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF**- (A) Award to Plaintiffs their actual damages incurred as a result of Defendant(s)' infringement(s), and all profits realized as a result of its infringement(s), in amounts to be determined at trial; or (B) in the alternative, at Plaintiffs' election, award to Plaintiffs maximum statutory damages pursuant to 17 U.S.C. § 504 for each separate and distinct act of infringement, and for an order of injunction permanently enjoining and prohibiting the Defendants, or one or more of them, including but not limited to wholly owned subsidiaries and/or affiliates, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of Plaintiffs' copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and

attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE SECOND CLAIM FOR RELIEF**- (A) Award to Plaintiffs their actual damages incurred as a result of Defendant(s)' infringement(s), and all profits realized as a result of its infringement(s), in amounts to be determined at trial; or (B) in the alternative, at Plaintiffs' election, award to Plaintiffs maximum statutory damages pursuant to 17 U.S.C. § 504 for each separate and distinct act of infringement, and for an order of injunction permanently enjoining and prohibiting the Defendants, or one or more of them, including but not limited to wholly owned subsidiaries and/or affiliates, from employing or utilizing in any manner or media whatsoever, including all future uses, sales, transfers, assignments, or licensing of any and all of Plaintiffs' copyrighted images, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

**ON THE THIRD CLAIM FOR RELIEF**- (A) Award to Plaintiffs their actual damages incurred as a result of Defendants' infringements, in amounts to be determined at trial but in an amount to be determined by this court; or (B) in the alternative, at Plaintiffs' election, award to Plaintiffs maximum statutory damages pursuant to 17 U.S.C. § 1203 and the sub-paragraphs therein for each individual act of infringement; and for an order of injunction permanently enjoining and prohibiting the Defendants, including but not limited to wholly owned subsidiaries, from employing, altering, cropping, mutilating or otherwise utilizing Plaintiffs' copyrighted Subject Images or its copyright management information in any manner or media whatsoever, pursuant to 17 U.S.C. § 1203(b)1; and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 1203(b)(4)-(5);

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper inclusive of any and all relief or remedies allowable by the statutes referenced above or applicable hereinabove.

Dated: New York, New York
      April 25, 2018

                                  Yours, etc.,

                                  *[signature]*

                                  Edward Greenberg, Esq. (ECG 5553)
                                  Tamara L. Lannin, Esq. (TL 3784)
                                  EDWARD C. GREENBERG, LLC
                                  570 Lexington Avenue, 19th Floor
                                  New York, NY 10022
                                  Tel: (212) 697-8777
                                  Fax: (212) 697-2528
                                  *Attorneys for Plaintiff*